T.C. Memo. 2016-166

UNITED STATES TAX COURT

SAM D. KILPATRICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17242-13.                    Filed August 29, 2016.

Sam D. Kilpatrick, for himself.

<u>James H. Brunson III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The respondent (referred to here as the "IRS") issued

a notice of deficiency to the petitioner, Sam D. Kilpatrick, for the 2009 and 2010

tax years.  In this notice, the IRS determined income-tax deficiencies of $10,380

[*2] and $9,883 for 2009 and 2010, respectively, and accuracy-related penalties under section 6662(a) of $2,076 and $1,977 for 2009 and 2010, respectively.[1]

Kilpatrick timely filed a petition under section 6213(a) for redetermination of the deficiencies and penalties. We have jurisdiction under section 6214(a).

Some issues have been resolved by concession. We resolve the remaining issues as follows:

- Kilpatrick is not entitled to business-expense deductions for automobile expenses in excess of the amounts allowed in the notice of deficiency for automobile expenses. See infra parts 1.b. and 1.f. The amounts allowed by the IRS in the notice of deficiency were $398 for 2009 and $798 for 2010.

- Kilpatrick is not entitled to business-expense deductions for office expenses for 2009 or 2010. See infra parts 1.c. and 1.g.

- Kilpatrick is not entitled to a business-expense deduction for supplies for 2009. See infra part 1.d. Kilpatrick is entitled to a business-expense deduction for supplies of $447 for 2010. See infra part 1.h.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Most dollar amounts are rounded to the nearest dollar.

**[\*3]** • Kilpatrick is entitled to business-expense deductions for "other expenses" of $144 for 2009 and $4,377 for 2010.  See infra parts 1.e. and 1.i.

• Kilpatrick is liable for accuracy-related penalties under section 6662(a) for 2009 and 2010.  See infra part 2.

## FINDINGS OF FACT

Some facts have been stipulated, and they are so found.

Kilpatrick lived in a single-family home in Atlanta, Georgia, at all times during 2009 and 2010.[2]

Kilpatrick is licensed as a certified public accountant ("CPA") in Georgia. He has been licensed as a CPA since 2003.

For all of 2009 and until December 2010, Kilpatrick was employed full time as a CPA at Rollins & Associates, P.C., in Atlanta, Georgia.  He had worked at Rollins & Associates in some capacity for approximately 11 years, from 1999 to December 2010.  Rollins & Associates paid him wages of $92,556 in 2009 and $91,820 in 2010.

---

[2]Kilpatrick resided in Georgia when he filed his petition.  Therefore, an appeal of our decision in this case would go to the U.S. Court of Appeals for the Eleventh Circuit unless the parties designate another circuit.  See sec. 7482(b)(1) and (2).

[*4]  During 2009, Kilpatrick started his own business as a self-employed CPA This work is referred to here as his CPA business.  Kilpatrick operated his CPA business primarily out of his home but occasionally met clients at their homes. Kilpatrick credibly testified that he used one room of his home "strictly for an office during * * * [the 2009 and 2010] years."  We find that Kilpatrick used one room of his home exclusively as an office for his CPA business throughout 2009 and 2010.  We refer to this room as his home office.  The IRS allowed a deduction that Kilpatrick claimed for the business use of his home for the 2009 tax year.[3] The IRS does not challenge this deduction in this litigation under any theory, including section 280A (a rule disallowing certain types of deductions with respect to the use of a home but excepting deductions related to a home office used exclusively for business).

Kilpatrick maintained only one checking account--with Bank of America-- which he used for both personal and business purposes.  He did not maintain a separate bank account for his CPA business.  Kilpatrick had only one credit card-- a MasterCard with Bank of America--which he used for both personal and business expenses.  Kilpatrick did not maintain a separate credit card for his CPA

---

[3]Kilpatrick did not claim a deduction for the business use of his home for the 2010 tax year.

[*5] business.  Neither Kilpatrick's bank-account statements, nor his credit-card statements, nor any of his other records, separated personal expenses from his reported business expenses.

Kilpatrick timely filed a 2009 Form 1040, "U.S. Individual Income Tax Return".  Kilpatrick attached to his 2009 tax return a Schedule A, "Itemized Deductions", on which he claimed itemized deductions of $33,360 for 2009. Kilpatrick attached to his 2009 tax return a Schedule C, "Profit or Loss From Business", to report the income and expenses of his CPA business for the 2009 tax year.  On this Schedule C Kilpatrick reported gross receipts of $3,000 and business expenses of $38,628.  The specific categories of business expenses were (1) $22,331 for automobile expenses; (2) $3,429 for office expenses; (3) $4,980 for supplies; (4) $575 for meals-and-entertainment expenses; (5) $2,847 for expenses of the business use of his home; and (6) $4,466 for "other expenses". The "other expenses" reported on this Schedule C consisted of  (1) $3,428 for "miscellaneous"; (2) $369 for "postage"; and (3) $669 for "telephone".  Kilpatrick did not claim any depreciation deductions or make a section 179 election on his 2009 tax return.

Kilpatrick timely filed a 2010 Form 1040.  Kilpatrick attached to his 2010 tax return a Schedule A, on which he claimed itemized deductions of $40,108 for

[*6] 2010.  Kilpatrick attached to his 2010 tax return a Schedule C to report the income and expenses of his CPA business for the 2010 tax year.  On this Schedule C Kilpatrick reported gross receipts of $3,100 and business expenses of $29,336.  The specific categories of business expenses were (1) $20,610 for automobile expenses; (2) $2,845 for office expenses; (3) $2,475 for supplies; (4) $1,050 for meals-and-entertainment expenses; and (5) $2,356 for "other expenses".  The "other expenses" reported on this Schedule C consisted of  (1) $945 for "telephone" and (2) $1,411 for "miscellaneous".  Kilpatrick did not claim any depreciation deductions or make a section 179 election on his 2010 tax return.

In the notice of deficiency the IRS allowed the following deductions claimed by Kilpatrick on his 2009 tax return:

- $21,597 of the $33,360 of itemized deductions,

- $398 of the $22,331 for automobile expenses,

- zero of the $3,429 for office expenses,

- zero of the $4,980 for supplies,

- the entire $575 for meals-and-entertainment expenses,

- the entire $2,847 of expenses for the business use of his home, and

- $769 of the $4,466 for "other expenses" (the composition of the $769 amount allowed by the IRS is discussed in part 1.e. below)

[*7]   In the notice of deficiency the IRS allowed the following deductions claimed by Kilpatrick on his 2010 tax return:

- $24,036 of the $40,108 of itemized deductions,

- $798 of the $20,610 for automobile expenses,

- zero of the $2,845 for office expenses,

- zero of the $2,475 for supplies,

- the entire $1,050 for meals-and-entertainment expenses, and

- $769 of the $2,356 for "other expenses" (the composition of the $769 amount allowed by the IRS is discussed in part 1.i. below)

Kilpatrick timely filed a petition with this Court for redetermination of the deficiencies and the penalties.

Before trial, the parties agreed to the following stipulations: (1) Kilpatrick does not dispute the Schedule-A adjustment of $11,763 for 2009 in the notice of deficiency and therefore concedes that he is not entitled to deductions corresponding to the amount of the adjustment;[4] (2) Kilpatrick does not dispute the

---

[4]Kilpatrick stipulated that "[p]etitioner does not dispute the Schedule A adjustment of $11,763.00 for tax year 2009 contained in the Notice [of deficiency] and therefore petitioner concedes the issue for purposes of this case." In his post-trial brief Kilpatrick asserts that he is entitled to deduct the Schedule-A itemized deductions totaling $11,763 claimed by him for the 2009 tax year but disallowed by the IRS in the notice of deficiency. Pursuant to Rule 91(e), a party's stipulation

(continued...)

**[\*8]** Schedule-A adjustment of $16,072 for 2010 in the notice of deficiency and therefore concedes that he is not entitled to deductions corresponding to the amount of the adjustment;[5] and (3) Kilpatrick was employed full time as a CPA at Rollins & Associates during 2009 and 2010.

Trial was held in Atlanta, Georgia.

Kilpatrick seeks business-expense deductions in excess of the amounts allowed by the IRS in the notice of deficiency for the 2009 and 2010 tax years in the categories of automobile expenses, office expenses, supplies, and "other expenses". Kilpatrick provided the Court with various documents in his efforts to substantiate the business expenses of his CPA business for the 2009 and 2010 tax years, including receipts, bank statements, credit-card statements, invoices, check

---

[4](...continued)
is binding. The Court will permit a party to contradict a stipulation only "where justice requires." Id. Kilpatrick did not give the Court a reason to relieve him of the stipulation.

[5]Kilpatrick stipulated that "[p]etitioner does not dispute the Schedule A adjustment of $16,072.00 for tax year 2010 contained in the Notice [of deficiency] and therefore petitioner concedes the issue for purposes of this case." In his post-trial brief Kilpatrick asserts that he is entitled to deduct the Schedule-A itemized deductions totaling $16,072 claimed by him for the 2010 tax year but disallowed by the IRS in the notice of deficiency. Pursuant to Rule 91(e), a party's stipulation is binding. The Court will permit a party to contradict a stipulation only "where justice requires." Id. Kilpatrick did not give the Court a reason to relieve him of the stipulation.

**[\*9]** images, calendars, directions from MapQuest, and copies of travel-reservation confirmations. The evidence Kilpatrick provided for each disputed business expense will be discussed in greater detail infra part 1. It is the IRS's position that its notice of deficiency correctly determined the deductions for the business-expense categories in dispute. The following two tables set forth (1) the categories of business expenses for which the deductible amounts remain in dispute between the parties; (2) the amounts Kilpatrick claimed on the Schedule C for each such category; (3) the amounts allowed by the IRS in the notice of deficiency for each such category (amounts which also represent the IRS's litigating position); and (4) the deductible amounts determined by the Court for each such category (determinations which are explained infra part 1):

<u>2009 Tax year</u>

| Category | Amount per return | Amount allowed in notice of deficiency | Amount determined by the Court |
|---|---|---|---|
| Automobile expenses | $22,331 | $398 | $398 |
| Office expenses | 3,429 | -0- | -0- |
| Supplies | 4,980 | -0- | -0- |
| "Other expenses" | 4,466 | 769 | [1]144 |

[1]This amount is $625 less than the amount allowed by the IRS in the notice of deficiency because of a concession by Kilpatrick, as explained infra part 1.e.

[*10]                                    2010 Tax year

| Category | Amount per return | Amount allowed in notice of deficiency | Amount determined by the Court |
|---|---|---|---|
| Automobile expenses | $20,610 | $798 | $798 |
| Office expenses | 2,845 | -0- | -0- |
| Supplies | 2,475 | -0- | 447 |
| "Other expenses" | 2,356 | 769 | 4,377 |

OPINION

1.    Deficiency

    a.    Burden of Proof

The burden of proof is satisfied by a preponderance of the evidence. Estate

of Gilford v. Commissioner, 88 T.C. 38, 51 (1987). The taxpayer generally bears

the burden of proving that the determinations in a notice of deficiency are

erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the

taxpayer shows that the requirements of section 7491(a)(1) and (2) are satisfied for

a particular factual issue, then the burden of proof shifts to the IRS with respect to

that issue. Higbee v. Commissioner, 116 T.C. 438, 442 (2001). Section

7491(a)(1) requires the taxpayer to present credible evidence. Credible evidence

is evidence that, after critical analysis, would constitute a sufficient basis for

deciding the issue in favor of the taxpayer if no contrary evidence were submitted.

**[*11]** <u>Higbee v. Commissioner</u>, 116 T.C. at 442. Section 7491(a)(2) requires the taxpayer to comply with substantiation and recordkeeping requirements and cooperate with the IRS's reasonable requests for witnesses, information, documents, meetings, and interviews. The taxpayer bears the burden of proving that the requirements of section 7491(a) have been met. See <u>Rolfs v. Commissioner</u>, 135 T.C. 471, 483 (2010), <u>aff'd</u>, 668 F.3d 888 (7th Cir. 2012).

Kilpatrick argues that for all factual issues he has satisfied the conditions of section 7491(a) for imposing the burden of proof on the IRS. The IRS counters that Kilpatrick "failed to maintain all required records and failed to cooperate with * * * [the IRS's] reasonable requests for information and documents related to his expenses within a reasonable timeframe." The record reflects that Kilpatrick did not meet record-keeping and substantiation requirements. Thus, the burden of proof remains on Kilpatrick.

      b.     <u>Deduction for Automobile Expenses for 2009</u>

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. Costs incurred in traveling between two work locations may be deductible as ordinary and necessary business expenses. See <u>Steinhort v. Commissioner</u>, 335 F.2d 496, 504

**[*12]** (5th Cir. 1964), aff'g T.C. Memo. 1962-233. Section 262(a) disallows deductions for personal, living, or family expenses.

Section 6001 requires the taxpayer to maintain records sufficient to establish the amount of each deduction claimed. See also sec. 1.6001-1(a), Income Tax Regs. Under the Cohan rule, if the taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, the court may estimate the amount, bearing heavily against the taxpayer. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Section 274(d) overrides the Cohan rule with regard to certain expenses. See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). These expenses include the expenses of operating passenger automobiles. Sec. 274(d) (any expense with respect to use of "listed property" as defined in section 280F(d)(4)); sec. 280F(d)(4)(A)(i) (defining listed property as including passenger automobiles). Under section 274(d), the elements that must be substantiated in order for a taxpayer to deduct automobile expenses are the amount of each expense related to the business use of the automobile, the amount of business mileage for each business use of the automobile, the total mileage (business and nonbusiness) of the automobile during the taxable year, the date of each business

**[\*13]** use of the automobile, and the business purpose of each business use of the automobile.  See Ong v. Commissioner, T.C. Memo. 2012-114, slip op. at 10 (total use of automobile is measured in miles); Stroff v. Commissioner, T.C. Memo. 2011-80, slip op. at 5 (same); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  The taxpayer must substantiate those elements by (1) "adequate records" or (2) "sufficient evidence corroborating the taxpayer's own statement".  Sec. 274(d) (flush language).

Under section 1.274-5(j)(2), Income Tax Regs., a taxpayer may use the standard mileage rate to calculate the cost of using an automobile in a business instead of substantiating the actual cost.  See id. (granting IRS authority to establish method under which taxpayer may use mileage rates to substantiate expenses related to business use of automobile).  A taxpayer who opts to rely on the standard mileage rate is relieved of the obligation to substantiate the amount of the actual expenses for business use of an automobile but is not relieved of the obligation to substantiate the amount of business mileage for each business use of the automobile, the total mileage (business and nonbusiness) of the automobile during the taxable year, the date of each business use of the automobile, and the business purpose of each business use of the automobile.  Id.; sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra.  As explained above, substantiation of these

[*14] elements can come in two forms: (1) adequate records, or (2) sufficient evidence corroborating the taxpayer's own statements. See sec. 274(d) (flush language).

On the Schedule C attached to his 2009 tax return Kilpatrick claimed a deduction of $22,331 for automobile expenses, which, he alleged, were the expenses of driving 40,601 miles in his car for his CPA business during 2009. The IRS allowed a deduction of $398 in the notice of deficiency. At trial Kilpatrick conceded that he is not entitled to deductions for 31,914 of the 40,601 miles he originally reported on his tax return and accordingly he changed his position to claiming a deduction for the expenses of driving 8,687 miles for his CPA business during 2009.[6]

Kilpatrick seeks to use the standard mileage rate for 2009 to calculate his deduction for automobile expenses. For 2009, the standard mileage rate for business use of a passenger automobile was 55 cents per mile. Rev. Proc. 2008-72, sec. 2.01(1), 2008-2 C.B. (Vol. 2) 1286, 1286. Applying this method, Kilpatrick's position (in accordance with his concession at trial) is that he is

---

[6]In his post-trial brief Kilpatrick incorrectly asserts that he did not concede any amount of his 2009 automobile expenses and that he is entitled to the $22,331 deduction for automobile expenses originally claimed on his 2009 tax return. His concession is reflected on pages 79-81 of the transcript.

[*15] entitled to deduct $4,777.85 for automobile expenses for driving 8,687 miles for his CPA business during 2009, i.e., 8,687 miles × 55 cents.

Because Kilpatrick relies on the standard mileage rate to establish the amount of his automobile expenses for 2009, he is relieved of substantiating the amount of his actual expenses. Therefore, Kilpatrick must substantiate only the following elements for his alleged business use of an automobile: (1) the amount of business mileage for each business use of the automobile, (2) the total mileage (business and nonbusiness) of the automobile during the taxable year, (3) the date of each business use of the automobile, and (4) the business purpose of each business use of the automobile. See sec. 1.274-5(j)(2), Income Tax Regs.; sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra.

In order for Kilpatrick to substantiate his automobile expenses by adequate records, he must provide (1) an account book, log, or similar record and (2) documentary evidence (i.e., receipts, paid bills, or similar evidence) which, in combination, are sufficient to establish the following elements: the amount of mileage for each business use, the total amount of mileage (business and nonbusiness) during the taxable year, the date of each business use, and the business purpose of each business use. See sec. 1.274-5T(b)(6), (c)(2)(i), (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017, 46019 (Nov. 6, 1985).

**[*16]** The account book, log, or similar record must be prepared or maintained in such manner that each element of a use (i.e., mileage, date, and business purpose) is recorded when the taxpayer has full present knowledge of the element of the use. See id. subdiv. (ii)(A). A record maintained on a weekly basis suffices. See id.

In order for Kilpatrick to substantiate his automobile expenses by sufficient evidence corroborating his own statement, he must establish each element of the business use of his vehicle (i.e., mileage, date, and business purpose) by his own statement and by direct evidence (such as receipts or bills). See id. subpara. (3)(i).

Kilpatrick testified that all 8,687 miles that he allegedly drove for his CPA business were traveled in order to distribute advertising materials to attract new clients. Kilpatrick did not provide to the Court any contemporaneous records of his business travel for 2009. In lieu of such records, Kilpatrick provided to the Court a copy of a 2009 calendar, prepared in December 2011, and printouts of directions generated by the website MapQuest, also prepared in December 2011. Kilpatrick prepared the calendar and the direction printouts in December 2011, after his returns were under audit. Some of the dates on the calendar are circled to signify that Kilpatrick used the automobile for business on these dates. The calendar contained no other information besides the circled dates, such as

[*17] notations of miles, places, or business appointments, or the business purpose of the travel. The MapQuest directions show the distance between Kilpatrick's residence and various towns to which he allegedly traveled for business. Kilpatrick wrote a list of dates on each page of directions, apparently to signify that he took trips on those days to and from the particular location on that page of directions. These dates are the same as the dates circled on the calendar.

Both the calendar and the MapQuest directions were prepared in December 2011, at least two years after Kilpatrick allegedly used his car for business travel in 2009. Therefore, neither the calendar nor the MapQuest directions were "made at or near the time of the" alleged use of his car for business travel in 2009. See sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra. Accordingly, neither the calendar nor the MapQuest directions are "adequate records" of the amount of business mileage, the date of the use, and the business purpose of the use. See id. Furthermore, because of the large gap in time between the alleged dates of Kilpatrick's business travel and the creation of his records, we conclude that neither the calendar nor the MapQuest directions are corroborative evidence sufficient to establish the amount of business mileage, the date of the use, and the business purpose of the use.

[*18] While we believe that Kilpatrick may have used his car for some business travel in 2009, he failed to substantiate his alleged automobile expenses for 2009 as required by section 274(d). Consequently, we hold that Kilpatrick is not entitled to a deduction for automobile expenses for 2009 in excess of the $398 allowed by the IRS in the notice of deficiency.

    c.    <u>Deduction for Office Expenses for 2009</u>

Kilpatrick claimed a $3,429 deduction for office expenses on the Schedule C attached to his 2009 tax return. The IRS disallowed the deduction in its entirety. At trial and in his post-trial brief Kilpatrick asserted that he is entitled to a deduction for office expenses for 2009 of $3,727 (instead of the $3,429 amount that he had claimed on his tax return) consisting of (1) $313 for two oak chairs; (2) $1,200 for a desk; and (3) $2,214 for half the cost of a painting. As explained below, we hold that Kilpatrick is not entitled to a deduction for office expenses in any amount for 2009.

    i.    <u>Chairs</u>

On April 19, 2009, Kilpatrick purchased two oak armchairs from American Period Antiques for $313. He credibly testified that he kept these two chairs in his home office. The two chairs were among several furnishings that Kilpatrick purchased during 2009 and 2010 and kept in his home office. For these home-

[*19] office furnishings we have the following information in the record: a brief description of each furnishing from an invoice or other store record, photographs of the home office (including the furnishings), the dates Kilpatrick bought each furnishing, the price he paid for each furnishing, and the names of the stores where he bought the furnishings. Kilpatrick reported a business-expense deduction for the full cost of the furnishings on his Schedule C for the particular year in which he bought them. (Peculiarly, Kilpatrick reported some of the costs of the furnishings in the "office expense" category on his Schedule C and some of the costs of the furnishings in the "supplies" expense category. He even split the cost of one particular painting evenly between office expenses and supplies.) The table below lists the relevant information about each furnishing:

| Furnishings purchased by Kilpatrick during 2009 and 2010 for his home office | | | | | |
|---|---|---|---|---|---|
| Description | Date bought | Store or vendor | Price paid | Year claimed as a deduction | Schedule C expense category |
| 2 oak armchairs | Apr. 19, 2009 | American Period Antiques | $313 | 2009 | Office |
| Desk | Dec. 19, 2009 | Mark Gallo | 1,200 | 2009 | Office |

| | | | | | |
|---|---|---|---|---|---|
| **[*20]** Framed oil painting on canvas by British artist, Samuel Lane, 1840 | May 25, 2009 | Antiques and Beyond | 4,428 | 2009 | Office ($2,214)/ Supplies ($2,214) |
| 2 bowls ("Pair of small Minton Soup Tureens") | Sept. 13, 2009 | Antiques on the Square | 209 | 2009 | Supplies |
| Painting | Oct. 10, 2009 | Paula Meyer | 500 | 2009 | Supplies |
| 2 antique watercolor paintings in original frame | Mar. 27, 2010 | Atlanta Antique Gallery | 922 | 2010 | Supplies |
| Crystal chandelier | Aug. 8, 2010 | Roswell Antique Market | 316 | 2010 | Office |
| Desk lamp ("Miller" student desk lamp) | Nov. 17, 2010 | "Chris" | 1,650 | 2010 | Office |
| Clock ("old school clock with key and pendent") | Dec. 19, 2010 | Roswell Antique Market | 120 | 2010 | Supplies |

**[\*21]** As explained above, Kilpatrick claimed on his returns that the full costs of the home-office furnishings should be deducted for the years in which he paid for them. He did not elect on his returns to treat the costs of the furnishings under section 179, which permits a taxpayer to elect to deduct the cost of certain types of tangible property as an expense for the year in which the property is first used, up to specified dollar limits. See sec. 179(b).[7] Nor did Kilpatrick claim depreciation deductions on the returns for the furnishings in any amounts. Consistent with his return position, Kilpatrick's brief contends he is entitled to a business-expense deduction for the full costs of the furnishings. His brief does not assert entitlement to depreciation deductions. The IRS contends that the costs of the furnishings are personal expenses and that even if they are not, they can be deducted only through depreciation.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. Amounts paid to acquire real or personal tangible property (such as the chairs and

---

[7]An election to treat the cost of property as deductible under sec. 179 must be made on the tax return. Sec. 179(c)(1)(A). If the election is not made, no sec. 179 deduction is allowable. Patton v. Commissioner, 116 T.C. 206, 208-209 (2001). Therefore, Kilpatrick would not be entitled to a sec. 179 deduction for the furnishings even if they were the type of property for which he could have made a sec. 179 election.

**[\*22]** the other furnishings of Kilpatrick's home office) are capital expenses. <u>See</u> sec. 1.263(a)-2(d)(1), Income Tax Regs. A capital expense is not an "ordinary" expense within the meaning of section 162(a) and is therefore not deductible under section 162(a). <u>FMR Corp. & Subs. v. Commissioner</u>, 110 T.C. 402, 415 (1998) (citing <u>Commissioner v. Lincoln Sav. & Loan Ass'n</u>, 403 U.S. 345, 353 (1971)); <u>see</u> sec. 263(a). Therefore, Kilpatrick is not entitled to deduct the costs of the furnishings under section 162(a).

Section 167(a) provides a depreciation deduction for a reasonable allowance for wear and tear, and for obsolescence, of property. For tangible property, the amount of the deduction under section 167(a) is determined using the rules of section 168. These rules set forth the applicable depreciation method, the applicable recovery period, and the applicable convention. Sec. 168(a). Prior versions of the Internal Revenue Code had been interpreted to preclude a depreciation deduction for an asset the value of which is not reduced by the passage of time or by use. <u>See, e.g.</u>, <u>Hawkins v. Commissioner</u>, 713 F.2d 347 (8th Cir. 1983), <u>aff'g</u> T.C. Memo. 1982-451. This interpretation appears to us to be equally valid under the provisions of the Internal Revenue Code in effect for the

**[*23]** years at issue.[8]  Thus, we put the furnishings in Kilpatrick's home office to the test of whether they would be adversely affected by the passage of time or Kilpatrick's use of them.  On this record we conclude that the furnishings are not adversely affected.  Our reasoning follows.

We observe that several of the furnishings are described in the documentary record as antiques, that six of the nine stores from which the furnishings were bought have the word "antique" or "antiques" in their name, and that the furnishings appear to be antiques in photographs.[9]  We surmise from these observations that all of the furnishings in Kilpatrick's home office are antiques. An antique is an item that has value despite its age, or, sometimes, because of its

---

[8]The authorities employing this interpretation are cited in the current version of Bittker & Lokken's treatise on federal tax law for the following principle: "Depreciation is denied for assets that are not adversely affected by the passage of time or by use in the taxpayer's business, such as works of art, antiques, and raw land, since the property's value will not be affected by the taxpayer's use and is likely to equal or exceed the taxpayer's original cost or basis."  Boris I. Bittker & Lawrence Lokken, 1 Federal Taxation of Income, Estates, and Gifts, para. 23.2.4, at 23-32 (3d ed. 1999).  That this principle is still found in the current edition of Bittker & Lokken's treatise suggests that the authors of that treatise believe that the principle is also a correct interpretation of the current Internal Revenue Code. We have no reason to disagree with the implication that the principle is a correct interpretation of the current Internal Revenue Code.

[9]The record contains photographs of Kilpatrick's home office.  In these photographs appear all of the furnishings for which Kilpatrick has claimed business-expense deductions (the armchairs, desk, paintings, decorative bowls, framed pictures, crystal chandelier, desk lamp, and clock).

[*24] age. Some antiques will retain their value. Other antiques will lose their value through use or through the passage of time. We find that all of Kilpatrick's furnishings will retain their value. Kilpatrick, who has the burden of proof, has failed to prove otherwise. Consequently, we hold that no depreciation deductions are allowable for the two oak armchairs or for any of the other furnishings of Kilpatrick's home office.

### ii. Desk

Kilpatrick claimed the $1,200 cost of a desk as a deduction on his Schedule C for 2009 under the category of office expenses. For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

### iii. Half the Cost of a Painting

Kilpatrick claimed half the $4,428 cost of a painting as a deduction on his Schedule C for 2009 under the category of office expenses. For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

### d. Deduction for Supplies for 2009

Kilpatrick claimed a $4,980 deduction for supplies on the Schedule C attached to his 2009 tax return. The IRS disallowed the deduction in its entirety. At trial and in his post-trial brief Kilpatrick asserted that he is entitled to a deduction for supplies for 2009 of $4,095 (instead of the $4,980 that he had

[*25] claimed on his tax return) consisting of (1) $2,214 for the remaining half of the cost of a $4,428 painting; (2) $1,172 for a laptop computer; (3) $209 for a pair of bowls used as decoration; and (4) $500 for a painting. As explained below, we hold that Kilpatrick is not entitled to a deduction for supplies for 2009.

###### i. The Other Half of the Cost of a Painting

Kilpatrick claimed half the $4,428 cost of a painting as a deduction on his Schedule C for 2009 under the category of supplies. For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

###### ii. Laptop Computer

Before August 16, 2009, Kilpatrick had two desktop computers at home. On August 16, 2009, he purchased a laptop computer from Best Buy for $1,172 as a replacement for one of these two desktop computers. Kilpatrick asserted at trial and in his post-trial briefs that he is entitled to fully deduct this $1,172 expense as a business expense under section 162(a).

The purchase of a computer is generally a capital expense, not an ordinary and necessary expense. See sec. 263(a); sec. 1.263(a)-2(a), Income Tax Regs. A capital expense can be deducted as a current expense only if the taxpayer makes the election required by section 179(c). See, e.g., sec. 179(c)(1)(B); Patton v. Commissioner, 116 T.C. at 208-209. Kilpatrick did not make a section 179

[*26] election to deduct as a current expense the cost of the laptop computer.

Accordingly, he is not entitled to deduct this expense under section 179.  See, e.g.,

sec. 179(c)(1)(B); Patton v. Commissioner, 116 T.C. at 208-209.

Expenses relating to the personal use of computers are also subject to the

strict substantiation requirements of section 274(d) unless they are used

exclusively at a regular business establishment and are owned or leased by the

person operating such establishment.  Sec. 280F(d)(4)(B).  Kilpatrick admitted at

trial that he would occasionally use this laptop computer (for some personal

purposes) outside of his home office.  Therefore, even if we assume that

Kilpatrick's home office qualifies as a "regular business establishment", this

laptop was not used exclusively at a regular business establishment.  Kilpatrick did

not provide evidence demonstrating the percentage of his laptop use that was for

business purposes, as required by section 274(d).  Therefore, Kilpatrick did not

meet the substantiation requirements with regard to this expense and any

deduction for it is disallowed under section 274(d).[10]

---

[10]Even if the strict substantiation requirements of sec. 274(d) did not apply,
Kilpatrick failed to provide the Court with a reasonable basis to estimate the
percentage of his laptop computer use that was for business purposes.  See
Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985) (under the Cohan rule, the
court should estimate the deductible amount of an expense only if there is a
reasonable basis for the estimate).  Kilpatrick did not estimate his business and

(continued...)

**[*27]**        iii.    Bowls

Kilpatrick claimed the $209 cost of a pair of small bowls as a deduction on his Schedule C for 2009 under the category of supplies.  For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

iv.    Painting

Kilpatrick claimed the $500 cost of a painting as a deduction on his Schedule C for 2009 under the category of supplies.  For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

e.    Deduction for "Other Expenses" for 2009

Kilpatrick claimed a $4,466 deduction for "other expenses" on the Schedule C attached to his 2009 tax return consisting of (1) $3,428 for "miscellaneous"; (2) $369 for "postage"; and (3) $669 for "telephone".  In the notice of deficiency, the IRS allowed a deduction of $769 consisting of $144 for home-internet-service expenses and $625 for potted plants that Kilpatrick gave to prospective clients. The IRS determined that Kilpatrick gave these potted plants as business gifts

---

[10](...continued)
personal use of this laptop on his tax return.  Instead, he claimed a deduction of $1,172 for the entire cost of the laptop.  Kilpatrick testified that he used this laptop for both personal purposes and for his CPA business.  During trial he guessed that 80% of the time he used this laptop for business purposes and the remaining 20% of the time he used it for personal purposes.  Kilpatrick came up with this guess during trial, and we find his testimony here to be not credible.

[*28] during the Christmas season in both 2009 and 2010. Kilpatrick asserts that the plants were purchased and given throughout 2010 and that none were purchased or given in 2009. At trial, he conceded that he was not entitled to a deduction for these plants for 2009. As discussed infra part 1.h.iii., we agree with Kilpatrick that all of these plants were purchased and given in 2010; and in the light of his admission at trial that no deduction for these expenses should be allowed for 2009, we hold that he is not entitled to the $625 deduction for 2009 even though it was allowed in the notice of deficiency.

At trial and in his post-trial brief Kilpatrick asserted that he is entitled to a deduction for "other expenses" for 2009 of $2,916 (instead of the $4,466 that he had claimed on his tax return) consisting of (1) $764.10 for various expenses related to attending an educational conference for CPAs in Pine Mountain, Georgia; (2) $669 for cellular-telephone service; and (3) $1,523 for home internet service. In the $1,523 Kilpatrick included the $144 that the IRS had allowed in the notice of deficiency as a deduction for this expense. Thus, Kilpatrick seeks a deduction for home internet service of $1,523, not $1,523 minus $144. As explained below, we hold that Kilpatrick is entitled to a deduction for "other expenses" of $144 for 2009. The table below summarizes the various amounts of "other expenses":

| [*29] | 2009 Schedule C Other expenses | | | |
|---|---|---|---|---|
| Type of expense | As reported on return | Allowed in notice of deficiency | Kilpatrick's position at trial and on brief | Court's holding |
| Miscellaneous | $3,428 | --- | --- | --- |
| Postage | 369 | --- | --- | --- |
| Telephone | 669 | --- | $669 | -0- |
| Home internet service | --- | $144 | 1,523 | $144 |
| Potted plants | --- | 625 | --- | --- |
| Educational conference for CPAs | --- | --- | 746 | -0- |
| Total | 4,466 | 769 | 2,938 | 144 |

i.     Conference Expenses

Kilpatrick asserts that he is entitled to a $746.10 business-expense deduction for various expenses he allegedly paid while attending the "2009 Annual Estate Planning Conference" held in Pine Mountain, Georgia, from July 22 to 25, 2009.

Performing services as an employee is a trade or business for purposes of section 162(a). Primuth v. Commissioner, 54 T.C. 374, 377 (1970). Thus an

**[*30]** employee may generally deduct the ordinary and necessary expenses of employment. Expenses of employment for which the employee could have been reimbursed by the employer are not deductible because they are not "necessary"; in other words, it is not "necessary" for an employee to remain unreimbursed for expenses to the extent the employee could have been reimbursed. See, e.g., Podems v. Commissioner, 24 T.C. 21, 23 (1955).

Expenses paid or incurred for education are deductible as ordinary and necessary business expenses if the education (1) maintains or improves skills required by the individual in his employment or other trade or business or (2) meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of employment, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. If the education meets either of these two tests and the taxpayer travels away from home primarily to obtain education, then the taxpayer's expenses for travel, meals, and lodging while away from home are deductible. Id. para. (e)(1); see Takahashi v. Commissioner, 87 T.C. 126, 129 (1986). The strict substantiation requirements of section 274(d) apply to these travel expenses. Sec. 1.162-5(e)(1), Income Tax Regs.

[*31] To substantiate his $746.10 of alleged expenses while attending this conference, Kilpatrick provided a copy of his bank-account statement, a conference reservation-confirmation printout, and copies of his personal credit-card statements. On these documents appear five charges ($44.24, $46.92, $222.38, $210.18, and $222.38, totaling $746.10) that Kirkpatrick asserts were the costs of attending the conference. These five charges are discussed below.

Kilpatrick's bank-account statement shows that he paid $44.24 to "Southern Pines Conf Cnt" on July 24, 2009, and $46.92 to "Southern Pines Conf Cnt" on July 27, 2009. Kilpatrick testified that these charges "could be food or it could not be [food]" that he purchased while attending this conference. We cannot determine the business purpose of these charges from his bank-account statement; his vague testimony was not credible. Kilpatrick provided no other proof to substantiate the purposes of these two charges. Accordingly, he is not entitled to a deduction for them.

Kilpatrick testified that he paid a handful of charges for "the room [he stayed in during the conference] and registration fee [to attend the conference] combined". According to the documents he provided, Kilpatrick paid the following amounts:

[*32] • $222.38 on July 1, 2009 to "The Lodge at Callaway" in Pine Mountain, Georgia, for "Arrival Date 6/30/09".

• $210.18 on July 1, 2009 to "Callaway Reservations" for "Arrival Date 6/30/09" (however, there is a credit to Kilpatrick's credit card of this same $210.18 charge that voids this expense).

• $222.38 on July 24, 2009 to "The Lodge at Callaway" for "Arrival Date 7/22/09".

According to Kilpatrick's uncontroverted testimony, the conference he attended took place in Pine Mountain, Georgia, from July 22 to 25, 2009. The three charges listed above appear to be for lodging in Pine Mountain, but only the third charge corresponds to an arrival date at the hotel that matches the dates of the conference. The first two charges listed above are for lodging several weeks before this conference. Kilpatrick did not inform the Court of any business reason for staying in Pine Mountain, Georgia, several weeks before this conference. In addition, the second charge was refunded to him. Accordingly, Kilpatrick is not entitled to a business-expense deduction for the first two charges listed above.

It appears that only the third charge (the second charge of $222.38) is an expense of attending the conference. However, we conclude that Kilpatrick is not entitled to a deduction for any expenses related to attending this conference

**[\*33]** because his employer, Rollins & Associates, would have reimbursed him for these expenses. Kilpatrick testified that he could not remember whether Rollins & Associates reimbursed him for any expenses that he paid related to continuing-education requirements. Joe Rollins, the founder of Rollins & Associates and Kilpatrick's employer during the years at issue, also testified at trial. Rollins stated that he believed that the State of Georgia required CPAs to complete at least 40 hours of continuing education in both 2009 and 2010. Rollins also stated that Rollins & Associates imposed an additional 16 hours of continuing education for its employees. Rollins testified that in both 2009 and 2010 Rollins & Associates paid all expenses for employees to earn the continuing-education hours required of them. We interpret the testimony of Rollins to be that Rollins & Associates would pay for all continuing-education hours whether required by the State of Georgia or by Rollins & Associates. After hearing Rollins's testimony, Kilpatrick stated that "everything * * * [Joe Rollins] said was correct." We interpret Kilpatrick to have meant that he agreed that Rollins & Associates would have paid for all continuing-education hours whether required by the State of Georgia or by Rollins & Associates.

Expenses for which the employee could have sought reimbursement from the employer are not necessary expenses and therefore are not deductible under

**[\*34]** section 162(a). See, e.g., Podems v. Commissioner, 24 T.C. at 23. This conference appeared to be part of either Kilpatrick's 40 hours of continuing education required by Georgia or the 16 hours required by Rollins & Associates. Given the state of the record, we conclude that Kilpatrick could have sought reimbursement for all conference expenses from Rollins & Associates.[11] Therefore, we hold that Kilpatrick is not entitled to a deduction for the expenses of attending this conference.

### ii. Cellular-Telephone Service

Kilpatrick asserted that he is entitled to a $669 business-expense deduction for cellular-telephone service for 2009. We hold that he is not entitled to a business-expense deduction for the cost of this service.

Expenses for telephone service are deductible under section 162(a) if they are ordinary and necessary to the taxpayer's trade or business. See Vanicek v. Commissioner, 85 T.C. 731, 742 (1985). To the extent that telephone expenses

---

[11]Although we find that Rollins & Associates would have reimbursed Kilpatrick the conference expenses if Kilpatrick had asked, we do not know whether Rollins actually reimbursed Kilpatrick. If Rollins would have reimbursed but did not reimburse Kilpatrick the conference expenses, then the expenses are not "necessary", see sec. 162(a), because Kilpatrick could have sought reimbursement, see Podems v. Commissioner, 24 T.C. 21, 23 (1955). If Rollins did reimburse Kilpatrick for the conference expenses, then the expenses were not "paid or incurred" by Kilpatrick.

[*35] are attributable to personal use, they are nondeductible personal expenses. See sec. 262(a). For tax year 2009 (although not 2010, see infra pp. 50-51) cellular telephones are included in the definition of "listed property" for purposes of section 274(d)(4) and are thus subject to the strict substantiation requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(v). A taxpayer must establish, inter alia, the amount of business use and the amount of total use of the cellular telephone with either "adequate records" or other "sufficient evidence corroborating the taxpayer's own statement". Sec. 274(d); sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra; Trupp v. Commissioner, T.C. Memo. 2012-108, slip op. at 14.

Kilpatrick presented copies of an invoice and his bank-account statements showing that he paid Verizon Wireless $901 during 2009 for service for a cell phone. Kilpatrick asserted that he purchased this cell phone in 2009 for his CPA business. Kilpatrick testified that 70% of the time he used this cell phone for his CPA business and the remaining 30% of the time he used it for nonbusiness personal purposes. Kilpatrick's exact words were: "I would say 70-30. That's strictly a guess." He seeks a deduction for roughly 70% of his cellular-telephone expenses.

[*36] We are not persuaded of the veracity of Kilpatrick's guess made during the trial. Kilpatrick failed to provide any other evidence (such as a sample list of his cell phone calls) demonstrating what percentage of his use of this cell phone was for business and what percentage was for personal purposes during 2009. Therefore, Kilpatrick failed to substantiate the percentage of business use of his cellular telephone with either "adequate records" or other "sufficient evidence corroborating the taxpayer's own statement" as required by section 274(d)(4). Furthermore, even if strict substantiation did not govern this expense, the record does not give us a reasonable basis for making a Cohan estimate. See Vanicek v. Commissioner, 85 T.C. at 742-743. Accordingly, we hold that Kilpatrick is not entitled to a business-expense deduction for these expenses.

iii. Home Internet Service

Kilpatrick asserted that he is entitled to a $1,523 business-expense deduction for internet service at his home address during 2009. In the notice of deficiency the IRS allowed a $144 deduction for the expenses of home internet service. We hold that Kilpatrick is not entitled to a business-expense deduction for any amounts incurred for home internet service in excess of the $144 already allowed by the IRS.

**[\*37]** In support of his internet-expense deduction Kilpatrick presented copies of

his bank-account statements showing that he paid $1,523 to Comcast during 2009

for internet service at his home address.  Kilpatrick asserted that he used the

internet in his home both for personal purposes and for his CPA business.

Strict substantiation does not apply to utility expenses.  Bogue v.

Commissioner, T.C. Memo. 2011-164, slip op. at 41, aff'd, 522 F. App'x 169 (3d

Cir. 2013); see also Verma v. Commissioner, T.C. Memo. 2001-132, slip op. at 12.

The Court has characterized internet-service expenses as utility expenses.  Verma

v. Commissioner, slip op. at 12; see also Bogue v. Commissioner, slip op. at 41.

Therefore, a court may estimate a taxpayer's deductible internet-service expenses

if there is a reasonable basis for making such an estimate.  Vanicek v.

Commissioner, 85 T.C. at 743.  Kilpatrick did not provide the Court with a

reasonable basis for making an estimate of the deductible portion of his internet

expenses.  When pressed for the percentage of home internet use for business

purposes for both 2009 and 2010, Kilpatrick said:

> Well, if an argument if--where you asked me the question if some
> could be personal and the answer could be yes. Is there a percentage?
> I would think a reasonable thing to do would say 50-50 as opposed to
> $12. * * * So let's just say that some of it's personal. You took it and
> you should not have. Would you concede to do it 50 percent to move
> this along? I probably would have.

**[\*38]** We do not find Kilpatrick's testimony here to be credible evidence of the percentage of home internet use for business versus personal purposes. We are not required to accept a taxpayer's self-serving and uncorroborated testimony, and we decline to do so here. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Accordingly, we hold that Kilpatrick is not entitled to a business-expense deduction for these expenses in excess of the $144 allowed by the IRS in the notice of deficiency.

       f.     Deduction for Automobile Expenses for 2010

Thus far we have discussed all disputed deductions for 2009. We now discuss the disputed deductions for 2010.

On the Schedule C attached to his 2010 tax return Kilpatrick claimed a deduction for automobile expenses of $20,610 which, he asserted, were the expenses of driving 41,220 miles in his car for his CPA business during 2010. The IRS allowed a deduction of $798 in the notice of deficiency. At trial Kilpatrick conceded that he is not entitled to deductions for 31,788 of the 41,220 miles he originally claimed on his tax return and accordingly he changed his position to claiming a deduction for the expenses of driving 9,432 miles for his

[*39] CPA business during 2010.[12] As explained below we hold that Kilpatrick is not entitled to a deduction for automobile expenses for 2010 in excess of the $798 allowed by the IRS in the notice of deficiency.

Kilpatrick seeks to use the standard mileage rate for 2010 to calculate his deduction for automobile expenses. For 2010, the standard mileage rate for business use of a passenger automobile was 50 cents per mile. Rev. Proc. 2009-54, sec. 2.01(1), 2009-51 I.R.B. 930; see also sec. 1.274-5(j)(2), Income Tax Regs. Applying this method, Kilpatrick takes the position (in accordance with his concession at trial) that he is entitled to a deduction of $4,716 for driving 9,432 miles for his CPA business during 2010, i.e., 9,432 miles × 50 cents.

As was the case for his alleged automobile expenses for 2009, Kilpatrick did not provide any contemporaneous records for 2010. In lieu of such records he provided to the Court a copy of a 2010 calendar, prepared in December 2011, and printouts of directions generated by the website MapQuest, also prepared in December 2011, when his returns were under audit. Some of the dates on the calendar were circled to signify that Kilpatrick used the car for business on those

---

[12]In his post-trial brief Kilpatrick incorrectly asserts that he did not concede any amount of his 2010 automobile expenses and that he is entitled to deduct the full $20,610 as originally claimed on his 2010 tax return. His concession is found on pages 79-81 of the transcript.

[*40] dates. The calendar contained no other information besides the circled dates, such as miles, places, or notations of business appointments or the business purposes of the travel. The MapQuest directions show the distance between Kilpatrick's residence and various towns where he traveled for business. Kilpatrick wrote a list of dates on each page of directions, apparently to signify that he took trips on those days to and from the particular location on that page of directions. These dates are the same as the dates circled on the calendar.

Both the calendar and the MapQuest directions were prepared in December 2011, at least a year after Kilpatrick allegedly used his car for business travel. Therefore, neither the calendar nor the MapQuest directions were "made at or near the time of the" alleged use of his car for business travel in 2010. See sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., supra. Accordingly, neither the calendar nor the MapQuest directions are adequate records of the amount of business mileage, the date of the use, and the business purpose of the use. See id. Furthermore, because of the large gap in time between the alleged dates of business travel and the creation of his records, we conclude that neither the calendar nor the MapQuest directions are corroborative evidence sufficient to establish the amount of business mileage, the date of the use, and the business purpose of the use.

[*41] While we believe that Kilpatrick may have used his car for some business travel in 2010, he failed to substantiate his alleged automobile expenses for 2010 as required by section 274(d). Consequently, we hold that he is not entitled to a deduction for automobile expenses for 2010 in excess of the $798 allowed by the IRS in the notice of deficiency.

g. Deduction for Office Expenses for 2010

Kilpatrick claimed a $2,845 deduction for office expenses on the Schedule C attached to his 2010 tax return. The IRS disallowed the deduction in its entirety. At trial and in his post-trial brief Kilpatrick asserted that he is entitled to a deduction for office expenses for 2010 of $2,888 (instead of the $2,845 that he had claimed on his tax return) consisting of (1) $922 for two framed pictures; (2) $316 for a crystal chandelier; and (3) $1,650 for a desk lamp. We hold that Kilpatrick is not entitled to a deduction for office expenses for 2010.

i. Two Framed Pictures

Kilpatrick claimed the $922 cost of two framed pictures as a deduction on his Schedule C for 2010 under the category of office expenses. For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

**[*42]**      ii.      Crystal Chandelier

Kilpatrick claimed the $316 cost of a crystal chandelier as a deduction on his Schedule C for 2010 under the category of office expenses. For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

iii.      Desk Lamp

Kilpatrick claimed the $1,650 cost of a desk lamp as a deduction on his Schedule C for 2010 under the category for office expenses. For the reasons given supra part 1.c.i., we hold he is not entitled to a deduction.

h.      Deduction for Supplies for 2010

Kilpatrick claimed a $2,475 deduction for supplies on the Schedule C attached to his 2010 tax return. The IRS disallowed the deduction in its entirety. At trial and in his post-trial brief Kilpatrick asserted that he is entitled to a deduction for supplies for 2010 of $3,437 (instead of the $2,475 amount that he had claimed on his tax return) consisting of (1) $447 for Intuit TurboTax computer software (TurboTax); (2) $61 for various purchases from Staples; (3) $1,574 for internet service in his home;[13] (4) $1,235 for various expenses related to attending

_____

[13] As discussed infra part 1.h.iii., the IRS allowed a $144 deduction for home internet service expenses for 2010 under the "other expenses" category. The IRS has not contested the deductibility of this $144, and so we hold that Kilpatrick is entitled to a $144 deduction in the "other expenses" category. As part of

(continued...)

[*43] an educational conference for CPAs; and (5) $120 for a clock. We hold that Kilpatrick is entitled to only a $447 deduction for supplies for 2010.

i.     TurboTax Software

Kilpatrick asserted that he is entitled to a $447 business-expense deduction for the expenses of using TurboTax in his CPA business during 2010. Kilpatrick presented copies of his bank-account statements showing that he paid $447 to use TurboTax in 2010. The exact payment dates are February 24, March 9, March 23, March 31, and April 12. Kilpatrick credibly testified that he used TurboTax to electronically file tax returns for some of the clients in his CPA business. These expenses appear to be ordinary and necessary expenses of his CPA business. Accordingly, we hold that Kilpatrick is entitled to a $447 deduction for the expenses of using TurboTax in his CPA business during 2010.

ii.    Various Purchases From Staples

Kilpatrick asserted that he is entitled to a $61 business-expense deduction for various purchases from Staples in 2010. Kilpatrick presented copies of his

---

[13](...continued)
considering Kilpatrick's entitlement to deductions in the category of supplies, we consider the merits of Kilpatrick's sought-after deduction for home internet service. As explained infra part 1.h.iii., we hold that Kilpatrick did not prove entitlement to a deduction for home internet service exceeding $144. If he had, the appropriate result would have been to increase his supplies expense deduction by that amount.

[*44] bank-account statements showing that he paid $61 at Staples in 2010.  When the IRS questioned Kilpatrick about the purpose of these purchases at Staples, he testified that "to be honest with you I don't know. * * * I mean, I'm not sure that these are particular for personal. I would have -- I'm just assuming that they were for business."  Kilpatrick provided no other proof of the purpose of these purchases from Staples, and we do not find his vague testimony regarding the purpose to be credible.  We conclude that these purchases were most likely nondeductible personal expenses.  Sec. 262(a).  Accordingly, we hold that Kilpatrick is not entitled to a business-expense deduction for the $61 he spent at Staples.

### iii.    Home Internet Service

Kilpatrick asserted that he is entitled to a $1,574 business-expense deduction for the expenses of internet service at his home during 2010.  He had reported the expenses of his internet service under the supplies category for 2010. In the notice of deficiency the IRS allowed a $144 deduction for the expenses of his home internet service but did so under the "other expenses" category.

In support of his internet-expense deduction Kilpatrick presented copies of his bank-account statements showing that he paid $1,574 to Comcast during 2010

[*45] for internet service at his home address. Kilpatrick testified that he used the internet in his home both for personal purposes and for his CPA business.

As was the case for 2009, Kilpatrick guessed at trial that 50% of the time he used the internet for his CPA business and the remaining 50% of the time he used it for nonbusiness personal purposes. However, as with 2009, we do not consider Kilpatrick's guess, at the time of trial, to be a reasonable basis for the Court to estimate the deductible portion of these expenses. See supra part 1.e.iii. Accordingly, we hold that Kilpatrick is not entitled to a deduction for these expenses in excess of the $144 allowed by the IRS in the notice of deficiency under the "other expenses" category.

### iv. Conference Expenses

Kilpatrick asserted that he is entitled to a $1,235 business-expense deduction for the various expenses related to attending a conference called the "Gear Up CPE Conference Citrus Week" held in Orlando, Florida, from June 15 to 20, 2010.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. at 377. Thus an employee may

[*46] generally deduct the ordinary and necessary expenses of employment. Expenses of employment for which the employee could have been reimbursed by the employer are not deductible because they are not "necessary"; in other words, it is not "necessary" for an employee to incur an unreimbursed expenses if the employee could have received reimbursement from the employer. See, e.g., Podems v. Commissioner, 24 T.C. at 23.

Section 1.162-5(a), Income Tax Regs., provides that an individual's expenditures for education are deductible as ordinary and necessary business expenses if the education (1) maintains or improves skills required by the individual in his or her employment or other trade or business or (2) meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of employment, status, or rate of compensation. If the education meets either of these two tests, and if a taxpayer travels away from home primarily to obtain education, then the taxpayer's expenditures for travel, meals, and lodging while away from home are deductible. Id. para. (e)(1).

Kilpatrick provided a copy of his bank-account statement, a conference reservation-confirmation printout, and a hotel-reservation-confirmation printout in order to substantiate the alleged expenses. Shortly before trial he annotated his

[*47] bank-account statement to designate which charges he contended relate to this conference. The charges so designated are:

- Two cash withdrawals totaling $164.

- $132 to Disney Resorts for an undisclosed purchase.

- $206 to AirTran Airways for a flight.

- $687 to Disney Resorts for lodging.

- $46 to Coronado Foods.

Of these expenses, the $132 charge at Disney Resorts and the cash withdrawals of $164 are not deductible given the lack of explanation from Kilpatrick as to the business purpose of these expenses. The remaining expenses ($206 for travel, $46 for meals, and $687 for lodging) appear to be expenses of attending the conference.

However, we conclude that Kilpatrick is not entitled to a deduction for any expenses of attending this conference because his employer, Rollins & Associates, would have reimbursed him for these expenses. This conference appeared to be part of either Kilpatrick's 40 hours of continuing education required by Georgia or the 16 hours required by Rollins & Associates. As stated supra part 1.e.i, Rollins & Associates would pay for all continuing-education hours whether required by the state or by Rollins & Associates. Expenses for which the employee could have

**[\*48]** sought reimbursement from the employer are not necessary expenses, and therefore are not deductible under section 162(a). See, e.g., Podems v. Commissioner, 24 T.C. at 23. Given the state of the record we conclude that Kilpatrick could have sought reimbursement for these conference expenses from Rollins & Associates.[14] Therefore, we hold that Kilpatrick is not entitled to a deduction for the expenses of attending this conference.

  v.  Clock

Kilpatrick claimed the $120 cost of a clock as a deduction on his Schedule C for 2010 under the category of supplies. For the reasons given supra part 1.c.i, we hold he is not entitled to a deduction.

  i.  Deduction for "Other Expenses" for 2010

Kilpatrick claimed a $2,356 deduction for "other expenses" on the Schedule C attached to his 2010 tax return. This amount consisted of: (1) $945 for "telephone" and (2) $1,411 for "miscellaneous". The IRS allowed $769 as a deduction and disallowed the remaining $1,587. The $769 allowed as a deduction consisted of $144 for home-internet service (the expenses of which Kilpatrick apparently reported under supplies for 2010, see supra part 1.h.iii., and not under "other expenses" as he had done for 2009) and $625 for potted plants that the IRS

---

  [14]See supra note 11.

[*49] treated as subject to the $25 per item limit under section 274(d). At trial and in his post-trial brief Kilpatrick asserted that he is entitled to a deduction for "other expenses" for 2010 of $5,604 (instead of the $2,356 amount that he had claimed on his tax return) consisting of (1) $510 for the purchase of a cellular telephone; (2) $861 for cellular-telephone service; and (3) $4,233 for small potted plants he gave away to potential clients. We hold that Kilpatrick is entitled to a business-expense deduction for "other expenses" of $4,377 for 2010, an amount which includes the $769 allowed by the IRS in the notice of deficiency. The $4,377 amount is composed of $4,233 for potted plants and $144 for the expenses of home internet service. The table below summarizes the various amounts of "other expenses":

| [*50] | 2010 Schedule C Other expenses | | | |
|---|---|---|---|---|
| Type of expense | As reported on return | Allowed in notice of deficiency | Kilpatrick's position at trial and on brief | Court's holding |
| Telephone | $945 | --- | --- | --- |
| Miscellaneous | 1,411 | --- | --- | --- |
| Home internet service | --- | $144 | $144 | $144 |
| Cell phone purchase | --- | --- | 510 | -0- |
| Cell phone service | --- | --- | 861 | -0- |
| Potted plants | --- | 625 | 4,233 | 4,233 |
| Total | 2,356 | 769 | 5,748 | 4,377 |

i.     Cellular-Telephone Purchase

Kilpatrick asserted that he is entitled to a $510 business-expense deduction for the purchase of a cellular telephone in 2010 to replace his previous cellular telephone. We hold that he is not entitled to a business-expense deduction in any amount for this expense.

The Small Business Jobs Act of 2010, Pub. L. no. 111-240, sec. 2043(a), 124 Stat. at 2560, amended section 280F(d)(4)(A) by removing cellular telephones

**[\*51]** and other similar telecommunications equipment from "listed property". That amendment is effective for tax years beginning after December 31, 2009. Accordingly, Kilpatrick's alleged expenses for the purchase of a cellular telephone during the 2010 tax year are not subject to the strict substantiation requirements of section 274(d).

Kilpatrick presented a copy of a receipt showing that he paid Verizon Wireless $510 on November 26, 2010, for a new cellular telephone. Kilpatrick guessed at trial that he used his cellular telephone 70% of the time for his CPA business and 30% of the time for nonbusiness personal purposes. Kilpatrick's exact words were: "I would say 70-30. That's strictly a guess." If we accept Kilpatrick's testimony as credible, he would be entitled to deduct $357 for this expense, or 70% of $510. See sec. 262(a).

We do not find his testimony (in which he admits he is guessing) to be a credible source on which to base an estimate of how much he used his cell phone for business. We are not required to accept a taxpayer's self-serving and uncorroborated testimony, and we decline to do so here. See Tokarski v. Commissioner, 87 T.C. at 77. Kilpatrick failed to provide the Court with a reasonable basis to estimate how much of his cell phone use was for business purposes during 2010. See Vanicek v. Commissioner, 85 T.C. at 743.

**[\*52]** Accordingly, we hold that Kilpatrick is not entitled to a business-expense deduction for this expense.

### ii. Cellular-Telephone Service

Kilpatrick claimed that he is entitled to deduct $861 for the expenses of cellular-telephone service for 2010. We hold that he is not entitled to a business-expense deduction in any amount for these expenses.

Expenses for telephone service are deductible under section 162(a), provided they are ordinary and necessary to the taxpayer's trade or business. See Vanicek v. Commissioner, 85 T.C. at 742.

As was the case for 2009, Kilpatrick guessed at trial that he used the cell phone 70% of the time for his CPA business and 30% of the time for nonbusiness personal purposes. We do not find his testimony to be a credible source on which to base an estimate of how much he used his cell phone for business purposes. We are not required to accept a taxpayer's self-serving and uncorroborated testimony, and we decline to do so here. See Tokarski v. Commissioner, 87 T.C. at 77. Kilpatrick failed to provide the Court with a reasonable basis to estimate the percentage of his cell phone use that was for business purposes during 2010. See Vanicek v. Commissioner, 85 T.C. at 743. Accordingly, we hold that Kilpatrick is not entitled to a business-expense deduction for these expenses.

**[*53]**        iii.    <u>Cost of Potted Plants</u>

Advertising expenses are a type of expense deductible as a business expense under section 162.  Sec. 1.162-1(a), Income Tax Regs.  However, section 274(b)(1) provides that no deduction is allowed under section 162 for the expense of a "gift" to an individual to the extent that the expense, when added to prior expenses for gifts to the same individual during the tax year, exceeds $25.  A "gift" is defined as an item that is (1) excludable from the gross income of the recipient under section 102 and (2) not excludable from gross income under any other provision in sections 1 through 1400U-3.  Sec. 274(b)(1).

On February 19, 2010, Kilpatrick was issued an invoice by Mark of Excellence, LLC, for $4,233.  The invoice stated that the charge was for "Compositions for 25 customer Christmas gifts".  On February 25, 2010, Kilpatrick wrote a $4,233 check to Mark of Excellence.

The IRS argues that the $4,233 payment was for 25 items, that each item is a gift under section 274(b)(1) subject to the $25 limit of that provision, and that the deduction corresponding to the $4,233 expense is $25 × 25 = $625.[15]  In his testimony, Kilpatrick explained that the $4,233 payment was for several hundred

---

[15]The IRS does not argue that the proof offered by Kilpatrick fails the strict substantiation rule of sec. 274(d)(3).

[*54] potted plants that he distributed along with his business cards to houses in various neighborhoods in order to drum up customers for his CPA business. He testified that the invoice was in error in identifying the number of plants as only 25. He also testified that the invoice was in error in identifying the plants as "Christmas" gifts. We found Kilpatrick's testimony to be credible in these regards. Because Kilpatrick bought several hundred plants for $4,233, the cost of each plant was necessarily less than $25. His deduction for the expense of the potted plants is therefore not limited by section 274(b)(1). Accordingly, we hold that Kilpatrick is entitled to a $4,233 business-expense deduction for this expense, an amount which includes the $625 already allowed by the IRS in the notice of deficiency.

2.   Penalty

In the notice of deficiency the IRS determined that Kilpatrick was liable for accuracy-related penalties under section 6662(a) of $2,076 for 2009 and $1,977 for 2010. The IRS contends that Kilpatrick is liable for those penalties because his underpayments of tax for 2009 and for 2010 are attributable to either substantial understatements of income tax or, alternatively, to negligence or disregard of rules and regulations. We hold that Kilpatrick is liable for accuracy-related penalties under section 6662(a) for both 2009 and 2010.

**[*55]** Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20% of the portion of an underpayment of tax attributable to (1) negligence or disregard of rules and regulations or (2) any substantial understatement of income tax. Section 6662(d)(2)(A) defines the term "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed. In the case of an individual, an understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). An understatement is reduced, however, by the portion attributable to the treatment of an item for which the taxpayer had "substantial authority". Sec. 6662(d)(2)(B)(i). Section 6664(c)(1) provides an exception to the imposition of the section 6662(a) accuracy-related penalty if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith. The IRS bears the burden of production with respect to penalties. See sec. 7491(c). To meet that burden, it must produce evidence regarding the appropriateness of imposing the penalty. Higbee v. Commissioner, 116 T.C. at 446. The taxpayer's concessions may be taken into account in determining whether the IRS has met that burden. Oria v. Commissioner, T.C. Memo. 2007-226, slip op. at 9. Once the IRS carries its burden of production, the taxpayer bears the burden of proving that he or she is entitled to relief because of

[*56] substantial authority or under section 6664(c)(1).  See Higbee v.

Commissioner, 116 T.C. at 446.

a.      Substantial Understatement

Kilpatrick has not argued that the amounts of his understatements should be

reduced by any item because his reporting of the item was supported by substantial

authority.  Accordingly, if, after the Rule 155 computations, the amount of the

understatements for 2009 and 2010 exceed the greater of $5,000 or 10% of the

amounts required to be shown on the returns for those respective years, then

Kilpatrick's underpayments for those years are attributable to substantial

understatements of income tax.  In any event, because we find that Kilpatrick's

underpayments for 2009 and 2010 are attributable to negligence, the section

6662(a) accuracy-related penalties apply to the underpayments regardless of

whether the underpayments are also attributable to substantial understatements of

income tax within the meaning of section 6662(d)(1)(A).

b.      Negligence

Section 1.6662-3(b)(1), Income Tax Regs., provides that "negligence"

includes a "failure to make a reasonable attempt to comply with the provisions of

the internal revenue laws or to exercise ordinary and reasonable care in the

preparation of a tax return."  See also Marcello v. Commissioner, 380 F.2d 499,

**[*57]** 506 (5th Cir. 1967) ("Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299.  A "failure * * * to keep adequate books and records or to substantiate items properly" also constitutes negligence.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Kilpatrick conceded at trial that he was not entitled to portions of the Schedule A deductions that he claimed on his 2009 and 2010 returns and that were disallowed by the IRS.  The IRS has shown that Kilpatrick failed to keep adequate books and records to substantiate the expenses underlying those Schedule C deductions that remained at issue after concessions.  Kilpatrick's failure to substantiate the expenses underlying the deductions in issue and his admission before trial of the impropriety of other deductions both evidence negligence.  See id.  Thus, we conclude that the IRS has met its burden of production in regard to the accuracy-related penalties it determined.

c.      Good Faith and Reasonable Cause

Once the IRS has met its burden of producing evidence that a taxpayer is liable for penalties, the taxpayer bears the burden of proving that the penalty is inappropriate because, for example, the taxpayer acted with reasonable cause and in good faith.  Higbee v. Commissioner, 116 T.C. at 447.  The penalty under

**[\*58]** section 6662(a) does not apply to any portion of the underpayment to the extent that the taxpayer (1) had reasonable cause for that portion and (2) acted in good faith with respect to that portion. Sec. 6664(c)(1). The existence of reasonable cause and good faith is determined on a case-by-case basis, taking into account all pertinent facts and circumstances:

> Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all facts and circumstances, including the experience, knowledge, and education of the taxpayer. * * *

Sec. 1.6664-4(b)(1), Income Tax Regs. Kilpatrick was an experienced CPA who had prepared returns for others for many years. He failed to show that he had reasonable cause and acted in good faith with respect to any portions of his underpayments.

Accordingly, we hold that Kilpatrick is liable for accuracy-related penalties under section 6662(a) for both 2009 and 2010.

3. Conclusion

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

**[*59]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.